## RICHARD C. VAN WYCK vs. ISAAC ALLIGER.

On a motion for a rehearing brought before the 1st of July last from the decision of one justice to a general term held after that time, *held*, that no costs of motion could be allowed the moving party under the 270th section of the code, however clearly he would have been entitled to them under the former practice. He might, if successful in the final event of the suit, have them taxed.

*It seems*, that in cases of special motions *appealed* to the general term, under the code, the moving party or appellant cannot get any costs of the motion under the 270th section.

*September General Term,* 1848.—Held at Albany, before Justices HARRIS, WATSON and PARKER. In this cause a motion to dissolve the injunction on bill and answer had been made before a justice of the Supreme Court and the motion denied with costs. The Defendant's counsel obtained from this court, at the last June term held at Kingston, an order for a rehearing of the motion, and the argument of the motion on the rehearing took place at Albany in September term, 1848.

J. HARDENBURGH, *for Defendant.*

JOHN THOMPSON, *for Plaintiff.*

The court differed in opinion from the justice and dissolved the injunction.

On the question of costs, the court said that this was a case where the injunction should have been dissolved by the justice without costs, it not being the practice, where an injunction was dissolved on bill and answer,

to allow costs. That it would be equitable to give the appellant all the costs he had been subjected to in consequence of the erroneous decision, which would be the costs of the motion to obtain the order for rehearing and of the rehearing itself, leaving the costs of the motion before the justice to abide the event of the suit. But that they were satisfied they had not the power to give the appellant such costs. That the 270th section of the code provided that no costs should be allowed on a motion, except costs of resisting, in the discretion of the court. That this rehearing was a motion within the meaning and language of this section, and the court had not, therefore, the power to award costs. That the section referred to was applicable to all motions, as well on a *rehearing* as on the original hearing—whether such would be the construction if it had been on *appeal* it was not necessary then to decide, though the definition of "motion" as given in sections 537 and 538 would seem to cover such a case also. That the order directed to be entered would therefore be silent on the subject of costs, leaving the Defendant to tax the costs of both motions in the event of his succeeding in the suit.